MANATT, PHELPS & PHILLIPS, LLP
BARRY S. LANDSBERG (Bar No. CA 117284)
E-mail: blandsberg@manatt.com
SUSAN PAGE WHITE (Bar No. CA 137125)
E-mail: spwhite@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
AMY B. BRIGGS (Bar No. CA 194028)
E-mail: abriggs@manatt.com
AMANDA M. KNUDSEN (Bar No. CA 252752)
E-mail: aknudsen@manatt.com
One Embarcadero Center, 30th Floor
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

*Attorneys for Defendant*
DIGNITY HEALTH f/k/a Catholic Healthcare
West d/b/a Mercy General Hospital

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> DIGNITY HEALTH f/k/a CATHOLIC HEALTHCARE WEST d/b/a MERCY GENERAL HOSPITAL, <br><br> Defendants. | Case No. CV 12-2356 EMC <br><br> **JOINT STIPULATION REGARDING STAY OF ACTION AND [PROPOSED] ORDER**  ; ORDER SETTING CMC <br><br> **[Civil Local Rule 7-12]** |

|   |   |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DIGNITY HEALTH f/k/a CATHOLIC HEALTHCARE WEST d/b/a MERCY GENERAL HOSPITAL,<br><br>　　　　Defendants. | Case No.  CV 12-2369 EMC |

WHEREAS, on May 9, 2012, Plaintiff Platte River Insurance Company ("Platte River") filed a Complaint against Defendant Dignity Health formerly known as Catholic Healthcare West d/b/a Mercy General Hospital ("Dignity") in Case No. 3:12-cv-02365 EMC (the "*Platte River* action");

WHEREAS, on May 10, 2012, Plaintiff Arch Insurance Company ("Arch") (collectively with Platte River, "Plaintiffs") filed a Complaint against Dignity in Case No. 3:12-cv-02369 EMC (the "*Arch* action");

WHEREAS, on June 15, 2012, the *Platte River* action and the *Arch* action were deemed related and both are now assigned to Judge Edward M. Chen (collectively the *Platte River/Arch* action");

WHEREAS, the *Platte River/Arch* action relates to insurance coverage for the underlying wrongful termination lawsuit against Dignity, entitled *Chopourian v. Catholic Healthcare West, et al.*, United States District Court, Eastern District of California, Case No. 2:09-cv-02972-KJM-KJN (the "*Chopourian* lawsuit");

WHEREAS, Platte River issued an excess policy to Dignity with a $10,000,000 limit of liability in excess of $10,000,000 ("the Platte River Policy"), subject to all of the Platte River Policy's terms, conditions, limitations, exclusions, and endorsements;

WHEREAS, Arch issued an excess policy to Dignity with a $10,000,000 limit of liability in excess of $20,000,000 ("the Arch Policy"), subject to all of the Arch Policy's terms, conditions, limitations, exclusions, and endorsements;

WHEREAS, on February 29, 2012, a jury verdict was entered in the *Chopourian* lawsuit against Dignity;

WHEREAS, on April 30, 2012, Judge Kimberly J. Mueller reduced the initial jury verdict to approximately $82 million and entered judgment in the *Chopourian* lawsuit accordingly ("the Judgment");

WHEREAS, on May 29, 2012, Dignity challenged the Judgment and filed a (1) Motion for a New Trial or Damages Remittitur, and (2) Motion for Partial Judgment as a Matter of Law in the *Chopourian* lawsuit, both of which seek to overturn and/or further reduce the Judgment;

WHEREAS, these motions are scheduled to be heard on September 28, 2012;

WHEREAS, if the above-described post-trial motions do not result in full and complete relief to Dignity, Dignity represents that it will appeal the Judgment in the *Chopourian* lawsuit to the Ninth Circuit Court of Appeals;

WHEREAS, Dignity currently anticipates that the Ninth Circuit is not likely to render a decision on any appeal until mid-2014, at the earliest (and resolution at that time would occur only if, for instance, the Ninth Circuit did not remand the *Chopourian* lawsuit for a new trial);

WHEREAS, the amount of any judgment owing by Dignity in the *Chopourian* lawsuit has yet to be fully resolved and ultimately may never reach the Platte River Policy or the Arch Policy;

WHEREAS, Plaintiffs and Dignity agree at this time to a stay of the *Platte River/Arch* action pending complete and final resolution of the *Chopourian* lawsuit

to avoid incurring substantial time and expense litigating coverage issues that may become moot because the Platte River Policy and the Arch Policy may never be triggered;

WHEREAS, notwithstanding Plaintiffs' and Dignity's agreement at this time to a stay of the *Platte River/Arch* action, Plaintiffs and Dignity reserve their respective rights to request at anytime, upon providing 30 days' written notice, that the Court lift the stay;

WHEREAS, Plaintiffs and Dignity may also request that the stay be lifted by filing a stipulation with the Court;

WHEREAS, Dignity contends that there is legal authority for this Court to stay the *Platte River/Arch* action pending resolution of the *Chopourian* lawsuit (*see, inter alia, Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 301-02 (1993); *Montrose Chem. Corp. v. Superior Court*, 25 Cal. App. 4th 902, 907-11 (1994); *Haskel Inc. v. Superior Court*, 33 Cal. App. 4th 963, 979 (1995); *David Kleis, Inc. v. Superior Court*, 37 Cal. App. 4th 1035, 1051 (1995); U.S. Const. article III, § 2, cl. 1 (case or controversy requirement); 28 U.S.C. § 2201 (requiring case "of actual controversy"));

WHEREAS, Dignity contends that this Court has the discretion to stay the proceedings before it  (*see Landis v. North American Co*., 299 U.S. 245, 248 (1936) and *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district court has inherent power to control proceedings to promote economy of time and effort for itself, for counsel, and for litigants)); and

WHEREAS, under the circumstances, Plaintiffs and Dignity agree at this time to a stay of the *Platte River/Arch* action pending resolution of the *Chopourian* lawsuit.

# **STIPULATION**

NOW, THEREFORE, IT IS STIPULATED by and between Plaintiffs and Dignity, through their counsel of record, that:

1. Upon entry of an order of this Court approving this stipulation, the *Platte River/Arch* action shall be stayed until a further order of the Court lifting any such stay. All pretrial deadlines, including the discovery cut-off date and disclosure of expert witnesses, will be determined by the re-set trial date;

2. Upon 30-days' notice, any party may file a motion seeking to lift the stay;

3. The parties also may request that the stay be lifted by filing a stipulation with the Court;

4. This stipulation is without prejudice to the rights of any party to seek a further stay of this coverage action or to oppose any motion seeking to lift the stay; and

5. By entering into this stipulation, the parties do not waive any claims or defenses whatsoever.

Dated: August 14, 2012        **TROUTMAN SANDERS LLP**

BY:   /s/ Terrence R. McInnis
     Terrence R. McInnis
     Attorneys for Plaintiff
     PLATTE RIVER INSURANCE
     COMPANY

Dated: August 14, 2012        **SEDGWICK LLP**

BY:   /s/ Nicholas Boos
     Nicholas Boos
     Attorneys for Plaintiff
     ARCH INSURANCE COMPANY

Dated: August 14, 2012        **MANATT, PHELPS & PHILLIPS, LLP**

BY:   /s/ Amanda M. Knudsen
     Amanda M. Knudsen
     Attorneys for Defendant
     DIGNITY HEALTH f/k/a Catholic
     Healthcare West d/b/a Mercy General
     Hospital

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Amanda M. Knudsen hereby attests that concurrence in the filing of this document has been obtained.*

6

JOINT STIPULATION TO STAY ACTION AND ORDER THEREON

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED. The CMC is reset from 9/14/12 to 11/16/12 at 9:00 a.m. A joint CMC Statement shall be filed by 11/9/12.

Dated: August 16, 2012     By: _____
Judge of the United States District Court



IT IS SO ORDERED AS MODIFIED

Judge Edward M. Chen